JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Asset Management Trust ("AMT") appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted a motion to advance the trial date and granted a divorce between plaintiff-appellee Marlene Harris ("Marlene") and defendant Gary Harris ("Gary"). Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Marlene filed a complaint for divorce from her spouse, Gary, in September 2002. A motion to add new party defendants was filed by Marlene to add, inter alia, AMT in January 2003. AMT was a trust created by Gary to own and administer real estate. In May 2003, attorney Walter Thayer ("Thayer")entered an appearance on behalf of AMT. Trial was set for October 6, 2003.
 {¶ 3} On August 15, 2003, Thayer's motion to withdraw as counsel for AMT was granted by the trial court. The court allowed AMT 30 days to engage new counsel. Four days later, Marlene filed a motion to advance the trial date and the court granted said motion that same day. The trial date was moved to September 2, 2003. AMT was not served with this motion and did not appear for trial.
 {¶ 4} The case proceeded to trial on September 2, 2003, and Marlene was granted a divorce from Gary. The court found that many of the entities used by Gary to hold assets, including AMT, were shams. The trial court awarded Marlene title to several properties and attached the existing deeds to said properties to its judgment entry. None of the properties were titled to AMT.
 {¶ 5} AMT timely appeals the decision of the trial court and advances two assignments of error for our review.
 {¶ 6} "I. The Trial Court did not have Jurisdiction to hold the September 2, 2003 trial and enter judgment against Appellant, without Notice to Appellant."
 {¶ 7} "II. The Trial Court did not have Jurisdiction to rule on Appellee's August 19, 2003 Motion to Advance without service on Appellant and the opportunity for Appellant to be heard on this Motion."
 {¶ 8} AMT argues that it was not served with the motion to advance the trial date and, therefore, the court did not have personal jurisdiction over AMT and could not go forward with the trial. Furthermore, AMT argues that its due process rights were violated because it was not given notice of the new trial date. We decline to address either of AMT's errors because Civ.R. 61 states, "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." See Hodorowski v. Rayfield (July 24, 1997), Cuyahoga App. No. 71370; PDU, Inc. v. City of Cleveland, Cuyahoga App. No. 81944, 2003-Ohio-3671.
 {¶ 9} AMT has failed to demonstrate that it suffered any harm. Furthermore, the record indicates that none of AMT's property was awarded to Marlene. Therefore, any errors or defects in the proceedings were harmless.
 {¶ 10} Both assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Karpinski, J., concur.